# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEE BLACK, ) | 1:08-cv-01634 OWW YNP [DLB] (HC) |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | [Docs. #10, 11] |
| ) | |
| KEN CLARK, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner is a State prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted of conspiracy to commit murder, conspiracy to commit an assault with a deadly weapon, and assault with a deadly weapon, along with sentencing enhancements. (Answer, 1.) On October 27, 2000, Petitioner was sentenced to 120 years to life. (Id.)

On July 30, 2002, the State appellate court reversed the conspiracy to commit murder conviction and vacated the sentence. The prosecution chose not to retry Petitioner and dismissed the conspiracy to commit murder charge. On December 13, 2002, Petitioner was resentenced to 60 years to life. Petitioner did not seek further direct review.

State habeas petitions

On August 12, 2003,[1] Petitioner filed a petition for writ of habeas corpus with the California

---

[1] Unless otherwise specified, all petitions are deemed filed on the date on which the proof of service was signed pursuant to the prison mailbox rule. See Rule 3(d) for the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988).

| | |
|---|---|
| 1 | Supreme Court. (Lodged Doc. 4.) The court denied the petition citing In re Swain, 34 Cal.2d 300, |
| 2 | 304 (1949) and In re Dixon, 41 Cal.2d 756 (1953). (Lodged Doc. 5.) |

On July 26, 2007, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court. (Lodged Doc. 6.) The petition was denied in a reasoned opinion on September 2, 2007. (Lodged Doc. 7.)

On September 15, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 8.) The petition was denied on March 7, 2008, because the petition was "untimely, unsupported by all reasonably available documentary evidence and some of the claims presented therein could have been but were not raised on appeal." (Lodged Doc. 9.)

On March 13, 2008, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lodged Doc. 10.) The petition was denied on September 10, 2008. (Lodged Doc. 11.)

Federal habeas petition

On September 21, 2008, Petitioner filed the instant petition for writ of habeas corpus in the U.S. District Court. (Doc. #1.) On March 16, 2009, Respondent filed a motion to dismiss and a corrected motion to dismiss. (Docs. #10, 11.) Petitioner filed an opposition to Respondent's motion on April 17, 2009. (Doc. #17.) It is Respondent's corrected motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, prisoner filed this petition challenging his conviction from the Superior Court of California, Kern County, which is within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, *e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Because the arguments in the motion to dismiss are procedural in nature and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. After the State superior court resentenced Petitioner, he had 60 days in which to file an appeal with the State appellate court. Cal. R. Ct. 8.308(a). Petitioner did not seek further direct review after he was resentenced on December 13, 2002, and the judgement became final 60 days later, on February 11, 2003. The AEDPA one-year limitation period began to run the next day, thus, absent any applicable tolling, Petitioner had until February 11, 2004, to file a petition for writ of habeas corpus in the federal court.

Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

Petitioner filed his first State habeas petition with the State supreme court on August 18, 2003–181 days into the one-year limitation period. The limitation period was tolled while the petition was pending in State court, but, absent further tolling, began to run again on June 10, 2004, the day after the petition was denied.

The limitation period cannot be tolled from one full round of collateral review to the next. See Biggs v. Duncan, 339 F.3d 1045, 1048 (2003). Petitioner's second petition, filed August 1, 2007, with the superior court, served to kick off his next round of State habeas petitions. Because Petitioner cannot receive tolling for the period of time between his first and second State habeas petitions, the clock began to run again on June 10, 2004, the day after the State supreme court denied Petitioner's petition. Petitioner had already allowed 181 days to lapse before beginning his State habeas proceedings, which left only 184 days in which to file a petition in federal court. Petitioner's statue of limitations ran out on December 10, 2004, but he did not file his federal habeas petition until

September 27, 2008; Petitioner's federal petition was untimely because it was not filed within the one-year limitation period.

Furthermore, even if the 2003 State supreme court petition is not considered to be a different round than the 2007 State superior court petition, the period between the two still could not be tolled because Petitioner waited an unreasonable amount of time before filing the second petition. In California, the question of the length of time one has in which to file an appeal is not one of timeliness, but rather, whether the petitioner exercised due diligence when filing his habeas petition. Thus the petitioner is not given an actual deadline by which to file his petition; he is merely required to file within a "reasonable time." Saffold, 536 U.S. at 235. In the absence of "clear direction or explanation" from the State court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006). In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. (quoting Saffold, 536 U.S. at 219). In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely finding in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of the other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200 (citing Saffold, 536 U.S. at 222-23).

Petitioner waited more than three years between his first and second State habeas petitions. Three years is far longer than the 30 to 60 day period assumed to be reasonable by the U.S. Supreme Court. Because Petitioner did not file his second habeas petition within a reasonable time, the period between his first and second petitions cannot be tolled, thus, as discussed above, the one-year limitation period ended on December 10, 2004, long before Petitioner filed in federal court.

Equitable Tolling

Petitioner argues that California law allows California courts to correct an "unauthorized

sentence" at any time, regardless of the timeliness of the petition. (Opposition, 2.) The federal court is not bound by California law regarding statue of limitations, however, the federal habeas courts do recognize that the limitation period can be subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled on other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539 (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not argue that any "extraordinary circumstances" kept him from filing a timely federal petition. Petitioner claims that he should not be subject to the limitation period because his sentenced is "unauthorized," but this Court does not find that allegation "extraordinary." The crux of any § 2254 petition is the allegation the state court convicted the petitioner in a manner that contravenes federal law. This is indeed a serious allegation to make; however, such an allegation is by no means "extraordinary" due to its necessity in habeas proceedings. Petitioner makes no mention as to why he waited three years between his first and second habeas petitions, nor does he explain why he started a second round of habeas proceedings instead of moving directly to federal court. Petitioner presented no extraordinary circumstances which kept him from filing his federal petition in a timely manner, therefore, he is not due equitable tolling.

## CONCLUSION

The instant petition must be dismissed as untimely because it was filed after the AEDPA's one-year statute of limitations ended.

**RECOMMENDATION**

It is hereby RECOMMENDED that:

1) Respondent's motion to dismiss is GRANTED and

2) the petition for writ of habeas corpus is DISMISSED with prejudice.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 11, 2010 /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE